UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| STEPHEN D. WOODBRIDGE, | ) ) ) | No. 23-cv-30093 |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| CITY OF GREENFIELD, | ) ) |  |
| Defendant. | ) ) ) |  |

# COMPLAINT

## INTRODUCTION

1. Stephen D. Woodbridge brings this action against the City of Greenfield ("City"), pursuant to 42 U.S.C. § 1983, because the City violated the plaintiff's rights under the Takings Clause of the Fifth Amendment to the United States Constitution by taking two parcels of property he owned to recover unpaid taxes, but without compensating him for the excess value of the property over and above the monies he owed to the City. See Tyler v. Hennepin County, 143 S. Ct. 1369, 1376 (2023) (holding homeowner whose property was seized to pay overdue taxes stated claim to recover excess value of property seized).

2. The City took a 13-acre parcel that Mr. Woodbridge owned because Mr. Woodbridge owed $970.11 in unpaid taxes, interests, and costs. The City presently owns that parcel, which it values at $50,200. The City has not remitted to Mr. Woodbridge the difference between the monies Mr. Woodbridge owed to the City and the fair market value of the parcel.

3. The City took a second parcel that Mr. Woodbridge owned, which contained Mr. Woodbridge's residential home and more than 6 acres of land, because Mr. Woodbridge owed $4,791.74 in unpaid taxes, interests, and costs. The City subsequently sold that property to third

parties for $270,000. Despite the excess value that the City realized when it sold Mr. Woodbridge's second parcel, the City has not remitted to Mr. Woodbridge the difference between the amount Mr. Woodbridge owed to the City and the proceeds from the sale.

## PARTIES

4. Stephen D. Woodbridge is an individual who resides in Franklin County, Massachusetts.

5. The City of Greenfield is a municipality located in Franklin County, Massachusetts.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the claims arise under the laws of the United States, i.e., the Fifth and Eighth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7. Venue is proper in the Western Division of this Court because all parties are domiciled in Franklin County, Massachusetts.

## FACTUAL ALLEGATIONS

8. On August 17, 2011, Dudley Woodbridge and Alice Woodbridge deeded property located at 87 Stone Ridge Lane in the City of Greenfield, Massachusetts to their son, the plaintiff, Stephen D. Woodbridge. The August 17, 2011, deed, attached as Exhibit 1, was recorded with the Franklin County Registry of Deeds at Book 6058 Page 112.

9. On June 23, 2017, the defendant, the City of Greenfield ("City"), executed two Instruments of Taking due to a total of $5,761.85 in unpaid taxes, interest, and costs, which were recorded with the Franklin County Registry of Deeds.

10. One Instrument of Taking that the City executed related to a 13-acre parcel of land (Parcel 1), for which Mr. Woodbridge owed $970.11 in unpaid taxes, interests, and costs. See Exhibit 2 (Book 7054 Page 177 & Scrivener's Affidavit at Book 7401 page 201).

11. A second Instrument of Taking that the City executed related to a 6.39-acre parcel of land that featured Mr. Woodbridge's residential home (Parcel 2), for which Mr. Woodbridge owed $4,791.74 in unpaid taxes, interests, and costs. See Exhibit 3 (Book 7054 Page 179 & Scrivener's Affidavit at Book 7401 page 200).

12. No other encumbrances were recorded on either Parcel 1 or Parcel 2 with the Franklin County Registry of Deeds at any point relevant to this dispute.

13. On December 20, 2019, the City secured a judgment in the Massachusetts Land Court (Docket No. 18-TL-000099), attached as Exhibit 4, authorizing the City's taking of Parcel 1 and Parcel 2 while also foreclosing and barring Mr. Woodbridge from any rights of redemption.

14. The City currently owns Parcel 1. The City's appraisal of Parcel 1 for 2023 is $50,200. See Exhibit 5. The value of Parcel 1, however, is likely greater than that amount.

15. On October 20, 2021, the City sold Parcel 2 to Steve Ozcelik and Nuray Ozcelik for $270,000. The deed to that sale, recorded at Book 7885 Page 77, is attached as Exhibit 6.

16. The fair market value of Parcels 1 and 2 at the time of the two Instruments of Taking was over $320,000.

17. The City calculated its costs in taking the two properties, including past due taxes and interest, at $54,098.23.

18. The excess the City realized over the amount Mr. Woodbridge owed to the City was more than $270,000.

19.     The City has not paid the plaintiff any monies for Parcel 1 or Parcel 2 in excess of the amounts that the plaintiff owed to the City for its costs as set forth in paragraph 17.

20.     At all times relevant to this dispute, the City maintained an official policy of retaining the value of property taken from individuals that was in excess of the amounts due in taxes and other costs related to the property.

21.     The City's Mayor, Roxann Wedegartner, posted a statement on the City's website as follows:

> I want to assure everyone that tax title taking or foreclosing on residents' real property by the city is a rare occasion and only used as a last resort. Nevertheless, tax payments are the lifeblood of our city and in fairness to all who pay taxes, we must seek to get real property back on the tax rolls if the owner has fallen seriously, and sometimes irreparably, behind in payments and do whatever Massachusetts General Law allows us to do to recoup the taxes. <u>Presently, there is no legal mechanism for paying owners back for any equity the city may have retained in the past after all legal fees and expenses have been paid</u>.

(Emphasis added.)  The statement, "Mayor Roxann Wedegartner Issues Statement On Protecting Equity For Homeowners Facing Foreclosure," is available at https://greenfield-ma.gov/news_detail_T4_R91.php, and is attached as Exhibit 7.

## COUNT I
## 42 U.S.C. § 1983
## United States Constitution
## Fifth Amendment (Takings Clause)

22.     The foregoing paragraphs are incorporated as if stated here.

23.     The City violated Mr. Woodbridge's rights under the Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to the states and to the City by the Fourteenth Amendment to the United States Constitution, by taking his property without paying him "just compensation."  See <u>Tyler v. Hennepin County</u>, 143 S. Ct. 1369, 1376 (2023)

(holding homeowner whose property was seized to pay overdue taxes stated claim to recover excess value of property seized).

24. The City may be sued in its own name because the dispute involves the City's official policy of retaining the excess value of taken property.  See Martin v. Gross, 340 F. Supp. 3d 87, 98 (D. Mass. 2018) ("Local governments (and local officials sued in their official capacities) can be sued under § 1983 'for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" (quoting Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978))).

25. Mr. Woodbridge asks the Court to award him the maximum damages allowable under law.

### COUNT II
### 42 U.S.C. § 1983
### United States Constitution
### Eighth Amendment (Excessive Fines Clause)

26. The foregoing paragraphs are incorporated as if stated here.

27. The City violated Mr. Woodbridge's rights under the Eighth Amendment to the United States Constitution, made applicable to the states and to the City by the Fourteenth Amendment to the United States Constitution, because its retention of the surplus value of the property seized would constitute an "excessive fine."  See Tyler v. Hennepin County, 143 S. Ct. 1369, 1381 (2023) (Gorsuch, J. concurring).

28. The City may be sued in its own name because the dispute involves the City's official policy of retaining the excess value of taken property.  See Martin v. Gross, *supra*.

29. Mr. Woodbridge asks the Court to award him the maximum damages allowable under law.

The plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendant for:

a. Compensatory damages;

b. Costs;

c. Attorney fees; and

d. All other relief the Court deems just and proper.

Respectfully submitted,

_____
Michael Aleo (BBO No. 672071)
aleo@LNN-law.com
Thomas Lesser (BBO No. 295000)
lesser@LNN-law.com
Lesser Newman Aleo & Nasser LLP
39 Main Street
Northampton, MA 01060
(413) 584-7331 (tel)
(413) 586-7076 (fax)