UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN D. WOODBRIDGE, | ) | No. 23-cv-30093 |
| and | ) | |
| ROBERTA BROWNING, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| CITY OF GREENFIELD, | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. Stephen D. Woodbridge and Roberta Browning bring this action against the City of Greenfield ("City"), pursuant to 42 U.S.C. § 1983, because the City violated their rights, under the Takings Clause of the Fifth Amendment and the Excessive Fines clause of the Eighth Amendment to the United States Constitution, when it took property they owned to recover unpaid taxes and then failed to compensate them for the excess value over and above the taxes and related expenses incurred during the taking by the City.

2. In 2020, the Massachusetts Supreme Judicial Court cautioned that Commonwealth's "archaic and arcane process of tax lien foreclosure . . . can, and sometimes does, result in catastrophic consequences for homeowners." Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 450 (2020). The court specifically explained the alarming reality that, unlike a sale following a "mortgage foreclosure," where a lender "pays any surplus back to the borrower," with a "tax lien foreclosure," "the foreclosure judgment extinguishes the taxpayer's

1

remaining interest in the property" and "the taxpayer loses any equity he or she has accrued in the property, no matter how small the amount of taxes due or how large the amount of equity." Id. at 452 (citing Mass. G.L. c. 60, § 64).

3. The plaintiffs in this action suffered the very catastrophic consequences that the Massachusetts Supreme Judicial Court warned of in Tallage Lincoln, LLC, resulting in both of them not only losing their respective homes, but also losing the considerable equity that they had accumulated in their properties, the value of which far exceeded the monies that they owed to the City.

4. The City took two parcels that Mr. Woodbridge owned because he owed $5,761.85 in unpaid taxes, interest, and costs on those parcels. The City sold the first parcel, which included Mr. Woodbridge's home and more than 6 acres of land, for $270,000. The City still owns the second parcel, featuring 13 acres of land, which it conservatively values at $50,200. The City calculated the unpaid taxes and its costs at $54,096.23, resulting in the City receiving a windfall of more than $270,000 from the taking. Despite this excess, the City has not remitted a single penny of the $270,000 to Mr. Woodbridge, thereby depriving him of his equity in the property.

5. The City took one parcel that Ms. Browning owned, which included her home, because she owed $1,578.12 in unpaid taxes, interest, and costs on that property. The City sold the parcel for $34,000, which was far less than the fair market value of the property. The City calculated the unpaid taxes and its costs at $18,455.48. Despite the excess value that the City realized when it took Ms. Browning's property, the City has not remitted any money whatsoever to Ms. Browning.

6. On May 23, 2023, the United States Supreme Court unanimously held, in Tyler v. Hennepin County, 143 S. Ct. 1369, 1376 (2023), that the City's actions here were unconstitutional. It unambiguously declared that, while local governments are within their right to sell a taxpayer's home "to recover the unpaid property taxes," local governments "could not use the toehold of the tax debt to confiscate more property than was due," without violating the Taking Clause of the Fifth Amendment. Id. at 1376, 1380 ("The taxpayer must render unto Caesar what is Caesar's, but no more.") (emphasis added)).

7. The plaintiffs now seek to recover the equity that the City unlawfully retained following the taking of their respective properties.

## PARTIES

8. Stephen D. Woodbridge is an individual who resides in Franklin County, Massachusetts.

9. Roberta Browning is an individual who resides in Franklin County, Massachusetts.

10. The City of Greenfield is a municipality located in Franklin County, Massachusetts.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the claims arise under the laws of the United States, i.e., the Fifth and Eighth Amendments to the United States Constitution and 42 U.S.C. § 1983.

12. Venue is proper in the Western Division of this Court because all parties are domiciled in Franklin County, Massachusetts.

# FACTUAL ALLEGATIONS

## *Stephen D. Woodbridge*

13. On August 17, 2011, Dudley Woodbridge and Alice Woodbridge deeded their family home, located at 87 Stone Ridge Lane in the City of Greenfield, Massachusetts, to their son, the plaintiff, Stephen D. Woodbridge. The August 17, 2011, deed, attached as Exhibit 1, was recorded with the Franklin County Registry of Deeds at Book 6058 Page 112.

14. On June 23, 2017, the defendant, the City of Greenfield ("City"), executed two Instruments of Taking of Mr. Woodbridge's property at 87 Stone Ridge Lane because Mr. Woodbridge owed and was unable to pay $5,761.85 in unpaid taxes, interest, and costs. The Instruments were recorded with the Franklin County Registry of Deeds.

    a. The first Instrument of Taking was on a 6.39-acre parcel of land that Mr. Woodbridge owned, which included Mr. Woodbridge's home (Parcel 1). Mr. Woodbridge owed $4,791.74 in unpaid taxes, interest, and costs on this parcel. The City recorded the Instrument of Taking for Parcel 1, which is attached as Exhibit 2, with the Franklin County Registry of Deeds at Book 7054 Page 179, along with a corresponding Scrivener's Affidavit at Book 7401 page 200.

    b. The second Instrument of Taking was on a 13-acre parcel of land that Mr. Woodbridge owned (Parcel 2), on which Mr. Woodbridge owed $970.11 in unpaid taxes, interest, and costs. The City recorded the Instrument of Taking for Parcel 2, which is attached as Exhibit 3, with the Franklin County Registry of Deeds at Book 7054 Page 177, along with a corresponding Scrivener's Affidavit at Book 7401 page 201.

15. On October 10, 2019, the City filed a Complaint to Foreclose on Mr. Woodbridge's property, including Parcel 1 and Parcel 2, with the Massachusetts Land Court (Docket No. 18-TL-000099). The Complaint to Foreclose, which is attached as Exhibit 4, assessed the value of Parcel 1 at $239,600 and the value of Parcel 2 at $48,900.

16. On December 20, 2019, the City secured a judgment in the Massachusetts Land Court (Docket No. 18-TL-000099), attached as Exhibit 5, authorizing the City's foreclosure of Parcel 1 and Parcel 2. The judgment extinguished Mr. Woodbridge's interest in the property.

17. On October 20, 2021, the City sold Parcel 1 to Steve Ozcelik and Nuray Ozcelik for $270,000. The deed to that sale, recorded at Book 7885 Page 77, is attached as Exhibit 6.

18. The City currently owns Parcel 2. The City valued Parcel 2 at $50,200 in 2023. See Exhibit 7. The value of Parcel 2, however, is likely greater than that amount.

19. In other words, at a minimum, the fair market value of Parcel 1 and Parcel 2 at the time of the execution of the two Instruments of Taking was over $320,000.

20. The City calculated its costs in taking Mr. Woodbridge's two properties, including past due taxes and interest, at $54,098.23.

21. This meant that the City realized an excess of more than $270,000 over the amount Mr. Woodbridge owed the City.

22. The City has not paid Mr. Woodbridge any portion of that excess, which represented his equity in the family property.

### *Roberta Browning*

23. On July 9, 2002, Sybil Moore, reserving a life estate for herself, deeded her home, located at 3 Vernon Street in the City of Greenfield, Massachusetts to her daughter, the plaintiff, Roberta Browning. The July 9, 2002, deed, attached as Exhibit 8, was recorded with the Franklin County Registry of Deeds at Book 4038 Page 317.

24. On April 25, 2016, the City executed an Instrument of Taking on Ms. Browning's property based on $1,578.12 in unpaid taxes, interest, and costs that Ms. Browning owed to the City, which was recorded with the Franklin County Registry of Deeds at Book 6852 page 159 and is attached as Exhibit 9.

25. On January 12, 2017, the City filed a Complaint to Foreclose on Ms. Browning's property with the Massachusetts Land Court (Docket No. 17-TL-000056) based on the April 25, 2016, taking described in the preceding paragraph. The Complaint to Foreclose, which is attached as Exhibit 10, assessed the value of Ms. Browning's property at $109,900.

26. On July 22, 2019, the City secured a judgment in the Massachusetts Land Court (Docket No. 17-TL-000056). The Land Court Docket is attached as Exhibit 11. The judgment extinguished Ms. Browning's interest in the property.

27. On October 16, 2020, the City sold the property to Lindsey M. Doolen for $34,000. The deed to that sale, recorded with the Franklin County Registry of Deeds at Book 7635 Page 301, is attached as Exhibit 12.

28. The fair market value of Ms. Browning's property was far in excess of the $34,000 that the City received when it sold the property on October 16, 2020. This is clear from the fact that: (a) the City itself had assessed the property at $109,000, *supra* paragraph 25, and (b) Lindsey Doolen sold the property just nine months later, on July 21, 2021, for $272,500, over eight times the $34,000 she had paid to acquire the property from the City. See Franklin County Registry of Deeds, Book 7818 Page 145.

29. The City calculated its costs in taking Ms. Browning's property, including past due taxes and interest, at $18,455.48.

30. The excess the City realized from the sale to Ms. Doolen over the amount Ms. Browning owed to the City was more than $15,544.52.

31. The City has not paid Ms. Browning for the value of the property it took from her in excess of the amounts that she owed to the City.

## *The City of Greenfield's Official Policy*

32. At all times relevant to this dispute, the City maintained an official policy of retaining the value of property taken from individuals that was in excess of the amounts that those individuals owed to the City in taxes and other costs related to the property.

33. The City's Mayor, Roxann Wedegartner, posted a statement on the City's website as follows:

> I want to assure everyone that tax title taking or foreclosing on residents' real property by the city is a rare occasion and only used as a last resort. Nevertheless, tax payments are the lifeblood of our city and in fairness to all who pay taxes, we must seek to get real property back on the tax rolls if the owner has fallen seriously, and sometimes irreparably, behind in payments and do whatever Massachusetts General Law allows us to do to recoup the taxes. <u>Presently, there is no legal mechanism for paying owners back for any equity the city may have retained in the past after all legal fees and expenses have been paid</u>.

(Emphasis added.) The statement, "Mayor Roxann Wedegartner Issues Statement On Protecting Equity For Homeowners Facing Foreclosure," is, at the time of this filing, available at https://greenfield-ma.gov/news_detail_T4_R91.php, and is attached as Exhibit 13.

34. Put another way, the City is attempting in this case to defend its seizure of the equity that taxpayers had accumulated in their family homes by hiding behind G.L. c. 60, § 64, which states: "The title conveyed by a tax collector's deed or by a taking of land for taxes shall be absolute after foreclosure of the right of redemption by decree of the land court as provided in this chapter." The Supreme Judicial Court was clear in <u>Tallage</u>, 485 Mass. at 452, under Massachusetts General Laws, "the taxpayer loses any equity he or she has accrued in the

property, no matter how small the amount of taxes due or how large the amount of equity." Id. at 452.

35. But the City has no right to avoid its obligations under the United States Constitution by relying upon an unconstitutional state statute.

36. And, as for the claim by the City's Mayor that no mechanism exists to allow the City to pay residents what is due them under the United States Constitution, *supra* paragraph 33, now that this lawsuit has been filed, a clear legal mechanism exists for the City to do so - - resolution of the lawsuit by paying the plaintiffs their equity over and above the City's costs in accordance with the holding of the Supreme Court in Tyler v. Hennepin County, 143 S. Ct. 1369, 1376 (2023).

**COUNT I**
42 U.S.C. § 1983
United States Constitution
Fifth Amendment
(Takings Clause)

37. The foregoing paragraphs are incorporated as if stated here.

38. The City violated Mr. Woodbridge and Ms. Browning's rights under the Takings Clause of the Fifth Amendment to the United States Constitution, made applicable to the states and to the City by the Fourteenth Amendment to the United States Constitution, by taking their property without paying them "just compensation."  See Tyler v. Hennepin County, 143 S. Ct. 1369, 1376 (2023) (homeowner whose property was seized due to overdue taxes stated claim to recover excess value of property seized).

39. The City may be sued in its own name because the dispute involves the City's official policy of retaining the excess value of taken property.  See Martin v. Gross, 340 F. Supp. 3d 87, 98 (D. Mass. 2018) ("Local governments (and local officials sued in their official

capacities) can be sued under § 1983 'for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" (quoting Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978))).

40. Mr. Woodbridge and Ms. Browning ask the Court to award them the maximum damages allowable under law.

## COUNT II
42 U.S.C. § 1983
United States Constitution
Eighth Amendment
(Excessive Fines Clause)

41. The foregoing paragraphs are incorporated as if stated here.

42. The City violated Mr. Woodbridge and Ms. Browning's rights under the Eighth Amendment to the United States Constitution, made applicable to the states and to the City by the Fourteenth Amendment to the United States Constitution, because its retention of the surplus value of the property seized constituted an "excessive fine." See Tyler v. Hennepin County, 143 S. Ct. 1369, 1381 (2023) (Gorsuch, J. concurring).

43. The City may be sued in its own name because the dispute involves the City's official policy of retaining the excess value of taken property. See Martin v. Gross, *supra*.

44. Mr. Woodbridge and Ms. Browning ask the Court to award them the maximum damages allowable under law.

## JURY DEMAND

*The plaintiffs demand a trial by jury on all issues so triable.*

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs demand judgment against the defendant for:

    a.    Compensatory damages;
    b.    Costs;
    c.    Attorney fees; and
    d.    All other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Michael Aleo*

Michael Aleo (BBO No. 672071)
aleo@LNN-law.com
Thomas Lesser (BBO No. 295000)
lesser@LNN-law.com
Lesser Newman Aleo & Nasser LLP
39 Main Street
Northampton, MA 01060
(413) 584-7331 (tel)
(413) 586-7076 (fax)

CERTIFICATE OF SERVICE

I, Michael Aleo, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on counsel for the City of Greenfield.

Date: September 26, 2023        */s/ Michael Aleo*