

**THE TRIAL COURT OF MASSACHUSETTS**
# LAND COURT

Three Pemberton Square
Boston, MA 02108

Gordon H. Piper
Chief Justice

Jill K. Ziter
Deputy Court Administrator

## Land Court Statement on *Tyler v. Hennepin County, Minnesota*

On May 25, 2023, the U.S. Supreme Court decided the case of *Tyler v. Hennepin County, Minnesota*, No. 22-166.  In this case, the Minnesota county government seized a homeowner's property for unpaid taxes and then sold it.  The government kept the full price from the sale—even though the sale brought in more money than the tax debt owed.  The amount that exceeds the tax debt owed is sometimes called the "home equity."  The Supreme Court decided that when the taxing authority keeps these "excess" or "surplus" funds from the foreclosure sale, the authority has made a "taking," in violation of the Fifth Amendment of the U.S. Constitution, which says that government cannot take private property without paying just compensation.  The constitutional violation arose not when the county seized the property, but when it kept the full sale value of the property, above the tax debt, without paying compensation to the former owner.

Current Massachusetts tax laws do not address if or what money is owed to a property owner after the foreclosure is final.  But the *Tyler* case makes clear that, under the U. S. Constitution, property owners will be owed compensation from a tax foreclosure—if the property taken by the government is worth more than the tax debt owed.

> **Property owners who are undergoing tax foreclosure should be aware of their right to claim compensation for their "home equity"—the excess value of the property above the amount of the tax debt.**
>
> **Cities, towns, and other plaintiffs bringing tax foreclosure cases will now need to ensure they comply with these constitutional protections and provide just compensation to property owners.**

The Massachusetts legislature, municipal government officials, and the courts each are assessing the impact of the *Tyler* opinion on Massachusetts law and practice.  There are a variety of ways the legislature might revise the tax foreclosure statutes in Chapter 60 to respond to *Tyler*.  Several bills are pending.  In tax foreclosure cases pending before the Land Court, the court will address any motions or other pleadings that may be filed based on the *Tyler* decision.  Other state laws, procedures, or mechanisms now in place may let property owners claim compensation for taken property, *see e.g.*, Chapter 79.

> **If you are facing a tax foreclosure, you should talk to an attorney to learn more about your options, including how to keep your property (redeem) or claim compensation for your home equity. Redemption is an important option that allows property owners to avoid foreclosure and keep their property by paying all taxes, interest, and costs due in full or through a repayment plan.**
>
> **If you cannot afford an attorney, you may be eligible for FREE legal advice or representation from a lawyer referred through the Land Court's Tax Lien Foreclosure Legal Assistance Program. For more information, contact Sean Thekkeparayil at the Lawyers Clearinghouse: (617) 544-3434 ext. 110 or sthekkeparayil@lawyersclearinghouse.org**