UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| STEPHEN D. WOODBRIDGE and ROBERTA BROWNING,<br>*Plaintiffs*,<br><br>v.<br><br>CITY OF GREENFIELD,<br>*Defendant* | No. 23-cv-30093-TSH |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P 12(b)(6) FOR
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

**(LEAVE TO FILE GRANTED ON 10/31/2023)**

NOW COMES the Defendant, City of Greenfield (the "City"), and submits this Reply Memorandum in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Rules of Federal Civil Procedure on the basis that the Plaintiffs' Amended Complaint (the "Amended Complaint"), fails to state a claim upon which relief can be granted.

In further support of the Motion, the City states as follows:

**ARGUMENT**

In their Opposition to the City's Motion to Dismiss, Plaintiffs suggest that the City was free to pay the "excess proceeds" from a foreclosure sale to the Plaintiffs at any time, despite the fact that such funds become public funds by operation of law. See Opposition, pp. 6-8; G.L. c. 44, § 53; G.L. c. 59, § 23.

The Massachusetts Department of Revenue, however, has provided guidance in response to the recent Supreme Court case, *Tyler v. Hennepin County*, 598 U.S. 631 (2023), that confirms

1

the City's position that such expenditures are currently forbidden by state law. See DOR bulletin BUL-2023-5, dated August 23 ("DOR Bulletin"), accessed on October 27, 2023 at https://dlsgateway.dor.state.ma.us/gateway/DLSPublic/BulletinMaintenance/Index/519. A copy of the Bulletin is attached as <u>Exhibit 1</u> hereto.[1]

The DOR Bulletin confirms the conclusion that the proceeds from such sale become public funds by operation of law and that those funds cannot be returned to the taxpayer. Moreover, the DOR Bulletin provides limited permission ("DOR will not object…") for municipalities to hold such proceeds from future tax taking foreclosure sales in agency accounts – essentially escrow accounts – pending guidance from the Legislature or the Courts. While the City is hopeful that such instructions will be forthcoming, and it is certainly plausible that such instructions may order the payment of such funds to a taxpayer in some circumstances in the future, the DOR Bulletin makes it abundantly clear that municipalities currently lack the authority to voluntarily release those funds to taxpayers at this time. See, DOR Bulletin.

## I.     CONCLUSION

For the foregoing reasons, as well as the reasons set forth in more detail in the City's Memorandum in Support of its Motion to Dismiss the Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, the City respectfully requests that the Plaintiffs' Amended Complaint be dismissed with prejudice.

---

[1] "Presently, there is no reservation of surplus proceeds from a sale of property as a tax possession after the community has acquired title through foreclosure. Not only is there no language in G.L. c. 60, § 77B or any other provision of c. 60 requiring the reservation of surplus from a sale of tax possession property, but G.L. c. 44, § 53 establishes a default rule making municipal receipts a general fund revenue that may only be spent by appropriation and G.L. c. 59, § 23 provides that the balance of available funds certified by the director of accounts as of July first (free cash) is increased by the proceeds from the sale of tax possession property (for more information on the journal entries associated with this process, please contact your Bureau of Accounts representative)." DOR Bulletin, p. 2.

909211.1

Dated: November 1, 2023

RESPECTFULLY SUBMITTED,
DEFENDANT CITY OF GREENFIELD,
BY ITS ATTORNEY,

/s/ Jesse W. Belcher-Timme
Jesse W. Belcher-Timme, Esq. (BBO No. 660343)
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, MA 01144-1900
Tel.: (413) 233-9570
Fax: (413) 734-3910
Email: jtimme@dwpm.com

## CERTIFICATE OF SERVICE

I, Jesse W. Belcher-Timme, hereby certify that this document has been filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 1, 2023.

Dated: November 1, 2023

/s/ Jesse W. Belcher-Timme
Jesse W. Belcher-Timme, Esq.

909211.1