**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| STEPHEN D. WOODBRIDGE, | ) | No. 23-cv-30093 |
| | ) | |
| and | ) | |
| | ) | |
| ROBERTA BROWNING, | ) | **Leave to File Granted** |
| | ) | **October 31, 2023** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF GREENFIELD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>**PLAINTIFFS' [PROPOSED] SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS**</u>

In its Reply, the City of Greenfield ("City") had no response to the detailed legal analysis that the plaintiffs laid out in support of their claims in their Opposition to Defendant's Motion to Dismiss. Rather than responding to the plaintiffs' explanations of (a) why the City did not have to embark on the unconstitutional course of action it undertook, or (b) why the City had the authority to appropriate funds to reimburse the plaintiffs for the monies it unconstitutionally took from them, the best the City could do is refer to a Bulletin published by the Massachusetts Department of Revenue ("Department") in August 2023, which the City mistakenly claims confirms its position that paying seized property owners the surplus value of property through a tax lien foreclosure is "currently forbidden by state law." (Of course, to the extent that is true, it only undercuts the City's res judicata defense.)

The Bulletin, which refers to a type of municipal revenue called "agency funds," states: "Agency funds generally involve only the receipt, temporary investment, and periodic ***transfer of money to fulfill legal obligations to <u>individuals</u>***, private organizations, or other governments."

Reply Ex. 1 at 1.  The guidance next states: "Presently, there is no reservation of surplus proceeds from a sale of property as a tax possession after the community has acquired title through foreclosure."  Id. at 2.  The guidance further clarifies that revenues (or receipts) procured through a tax lien foreclosure become part of a municipality's "***general fund***" and that such "***revenue . . .  may only be spent by appropriation***, while "the ***balance*** of available funds . . . is ***increased by the proceeds from the sale of tax possession property*** . . . ."  Id. (emphasis added).

This language does not prohibit municipalities from (1) transferring proceeds from tax lien foreclosures into the general fund, (2) appropriating money from the general fund in the amount of the surplus value of seized properties taken by tax lien foreclosure, or (3) transferring those surplus funds to the individuals whose property was seized, as required under the Takings Clause of the Fifth Amendment.  Quite the opposite, the Bulletin would appear to confirm that municipalities have the ***discretion*** to engage in such policy making.

The only thing that the Bulletin appears to change, given the Supreme Court's holding in Tyler v. Hennepin County, is that, whereas a municipality was previously not permitted to hold surplus funds in an agency account, but instead was required to place monies directly into the municipality's "general fund," the Department now allows a municipality the discretion to hold surplus funds in an agency account without adding them to the "general fund" pending the resolution of legal disputes: "[the Department] will not object to a community temporarily holding any such surplus proceeds in an agency account ***until there is a directive from the courts on this matter***."  (Emphasis added.)

To the extent the City is in fact hamstrung by the shortcomings of Massachusetts law and therefore awaits a directive from a Court prior to complying with its duties under the United States Constitution, the plaintiffs look forward to such a ruling from this Court.

Respectfully submitted,

/s/ Michael Aleo

_____
Michael Aleo (BBO No. 672071)
aleo@LNN-law.com
Thomas Lesser (BBO No. 295000)
lesser@LNN-law.com
Lesser Newman Aleo & Nasser LLP
39 Main Street
Northampton, MA 01060
(413) 584-7331 (tel)
(413) 586-7076 (fax)

<u>CERTIFICATE OF SERVICE</u>

     I, Michael Aleo, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on counsel for the City of Greenfield.

Date:  October 27, 2023                  /s/ Michael Aleo_____