UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WOODBRIDGE, at al. | ) | No. 23-cv-30093 |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CITY OF GREENFIELD, | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE CITY OF GREENFIELD'S MOTION TO DISMISS**

Counsel for the plaintiffs submits the attached supplemental authorities, Exhibits A and B, in support of their Opposition (Doc. 10) to the City of Greenfield's Motion to Dismiss (Doc. 7). The supplemental authorities include (A) a May 8, 2023, letter from the Massachusetts Land Court to the Chairs of the Massachusetts Legislature's Joint Committee on the Judiciary that addressed the issues underling *Tyler v. Hennepin County*, which was then pending before the Supreme Court, and (b) an amicus brief filed on January 9, 2024, by the Office of the Attorney General for the Commonwealth of Massachusetts in a pending Land Court action, *Town of Tyngsborough v. Recco, Jr., Michael, et al.*, 18 TL 001223. Counsel for the plaintiffs was unaware of these documents when they filed their Opposition because they are not reported legal decisions.

The supplemental authority attached hereto directly undercuts the City of Greenfield's argument that the plaintiffs' claims are barred by the doctrine of *res judicata*, an argument premised on the City's representation that "[i]n Massachusetts, Land Court judges have the authority to order a judicial sale and reserve the surplus equity for the taxpayer." (Doc. 8 at 17.)

First, the Land Court sent a May 8, 2023, letter to the Chairs of the Massachusetts Legislature's Joint Committee on the Judiciary (Exhibit A), clearly stating that the Land Court

1

did not believe that it had the authority under Massachusetts law to order municipalities to pay foreclosed homeowners the surplus equity of their properties following a tax sale. The letter, sent while *Tyler v. Hennepin County* was still pending before the Supreme Court, addressed legislation pending before the Massachusetts Legislature regarding the payment of surplus value to homeowners after tax foreclosure sales. In the letter, the Land Court explicitly stated that binding precedent bars the Land Court from entering an order directing a municipality to pay a homeowner the surplus equity in a foreclosed home following a sale: "the Massachusetts Supreme Judicial Court previously has passed upon the Commonwealth's existing tax foreclosure statutory scheme in *Kelly v. City of Boston*, 348 Mass. 385 (1965), holding that ***a former owner was not entitled to any payment representing the surplus fair market value of the property exceeding the tax liability***. ***The Land Court, as a trial court, is bound by that precedent unless it is changed***." (Ex. A at 2 (emphasis added).)

       Second, following the Supreme Court's decision in *Tyler v. Hennepin County*, the Land Court, in *Town of Tyngsborough v. Recco, Jr., Michael, et al.*, 18 TL 001223, invited the submission of amicus briefs to provide the court with input as to how to comply with constitutional requirements articulated in *Tyler* given the lack of any procedural mechanisms in Chapter 60 of the Massachusetts General Laws. The Office of the Attorney General for the Commonwealth of Massachusetts filed an amicus brief earlier this year, on January 9, 2024 (Exhibit B), in which it acknowledged, "***Like the Minnesota tax statute discussed in Tyler, Chapter 60 provides no mechanism for municipalities or third parties to return the surplus value of a property following a tax taking***. . . . ***The absence of a mechanism within Chapter 60 itself to return the surplus to the property owner renders it impossible to implement Chapter 60 in a constitutional manner***." (Exhibit B at 4-5 (emphasis added).)

Thus, the Land Court and the Office of the Attorney General for the Commonwealth of Massachusetts agree that no mechanism exists by which individuals subject to a tax foreclosure may demand just compensation during the pendency of a tax foreclosure action.

Respectfully submitted,

*/s/ Michael Aleo*

Michael Aleo (BBO No. 672071)
aleo@LNN-law.com
Thomas Lesser (BBO No. 295000)
lesser@LNN-law.com
Lesser Newman Aleo & Nasser LLP
39 Main Street
Northampton, MA 01060
(413) 584-7331 (tel)
(413) 586-7076 (fax)

CERTIFICATE OF SERVICE

I, Michael Aleo, hereby certify that the above was filed through the ECF system and that I have caused a true and correct copy of the above to be served on counsel for the City of Greenfield.

Date:  April 3, 2024                     */s/ Michael Aleo*

3